UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ARIZONA FAMILY HEALTH PARTNERSHIP** *et al.*,

    Plaintiffs,

v.

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**,

    Defendant.

Case No. 1:18-cv-02581 (TNM)

## MEMORANDUM AND ORDER

On January 4, 2019, the Court enjoined the U.S. Department of Health and Human Services ("Department") from releasing specific information in the Plaintiffs' Title X grant applications but permitted the Department to release the applications, subject to both agreed-upon and Court-ordered redactions. *See* Order, ECF No. 47. The Plaintiffs appealed the Court's Order, *see* Notice of Appeal to D.C. Circuit Court, ECF No. 45, [1] and now seek an injunction pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure. Emerg. Mot. to Stay ("Motion"), ECF No. 46. Specifically, they ask the Court to order the Department not to disclose any part of the Plaintiffs' grant applications, pending the Plaintiffs' appeal of the Court's Order. *See id.* The Department opposes the motion. *See* Def.'s Opp. to Pls.' Emerg. Mot. ("Def.'s Opp."), ECF No. 48. Based on the parties' briefing, the relevant case law, and the entire record here, the Court finds that a stay is not warranted and will deny the Plaintiffs' motion.

In deciding whether to grant a stay pending appeal, the Court considers four factors:

---

[1] The Court retains jurisdiction over the Plaintiffs' motion for injunctive relief pending appeal. *See McCammon v. United States*, 588 F. Supp. 2d 43, 45 n.2 (D.D.C. 2008).

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay.

*Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985). It is "the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Cuomo*, 772 F.2d at 978. The Plaintiffs do not have to make a strong showing on "likelihood of success on the merits" if they can make a strong showing about "likelihood of irreparable harm." *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007).[2]

The Department argues that the Court should deny the Plaintiffs' motion because the Plaintiffs have not shown that they are likely to succeed on appeal. *See* Def.'s Opp. at 4. But the Plaintiffs argue that, given their strong showings on the other factors, they must present only "a substantial case on the merits." Mot. at 5. Either way, this factor weighs in favor of the Department.

The Plaintiffs' motion identifies no error in the Court's oral opinion and Order. It is not enough to say that the case "raises serious legal questions" about issues such as FOIA Exemption 4, the Trade Secrets Act, an agency's *post hoc* rationalizations, and reliance on information outside the administrative record. Far from establishing that they have a "substantial case on the merits," the Plaintiffs fail to articulate how the Court erred. And the Court cannot evaluate whether the case on appeal is "substantial" when the Plaintiffs do not say what the case is.

---

[2] The Court assumes *arguendo* that *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), did not make "likelihood of success" a free-standing requirement for injunctive relief. Otherwise, the Plaintiffs face an even steeper hill to climb.

The Plaintiffs' repeated references to trade secrets suggest that they seek vindication there, an argument foreclosed by circuit precedent. *See Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 244 F.3d 144, 151 (D.C. Cir. 2001) (explaining that D.C. Circuit caselaw narrowly cabins trade secrets to information relating to the "productive process" itself). And the Plaintiffs now ask the Court to prohibit that Department from releasing *any part* of their applications, even though Plaintiffs' counsel conceded at oral argument that most parts of the applications were disclosable under FOIA. In other words, the stay they now seek would be more expansive than the relief they had originally sought or ever tried to justify. There is no justification for such a remedy. In any event, in light of the Court's earlier *in-camera* line-by-line review of the more than 400 pages at dispute, the Court does not believe that the remaining disputed portions do raise a substantial case on appeal.

The other three factors weigh against injunctive relief, as well. First, the Plaintiffs do not face irreparable harm without a stay. Under the Court's Order, the Department will not release their truly confidential information. To be sure, once any information from the grant applications is publicly released, any resulting damage to the Plaintiffs cannot be undone, but the remaining disputed information is neither very damaging nor close to the Exemption 4 disclosure line.

The remaining disputed information is largely (1) skeletal outlines of generic budget information, with heavy redactions; and (2) background demographic information from their Needs Assessments. The background demographic information is publicly available, as evident in the Plaintiffs' applications' own endnotes, so there is little irreparable harm there, even if the Court were wrong on the applicable caselaw. And the

3

unredacted Needs Assessments and budget language are far cries from the types of confidential, proprietary information that could make or break a grant application.

While the Plaintiffs insist that they will face irreparable harm from the "wrongful disclosure of trade secrets or confidential information," *see* Mot. at 3, the Department is right that such a claim "begs the question" of what is a trade secret or confidential information. *See* Def.'s Opp. at 9. The Court has already determined that the disclosable information is not confidential, thus disclosure will not cause an irreparable harm. And as discussed above, the Plaintiffs do not articulate how the Court was wrong in its resolution of these issues.

As to "harm to others," this factor again counsels against the Plaintiffs' motion. The Plaintiffs argue that "[p]articularly in the FOIA context, courts have routinely issued stays." *People for the Am. Way Found.*, 518 F. Supp. 2d at 177. Perhaps so. But this is not a routine FOIA case. Unlike garden-variety FOIA matters, in which there is little urgency to disclosure, the entire matter here has been handled in an expedited fashion specifically because of looming grant application deadlines.

The Department will be irreparably harmed if the Court stays its prior Order. The Department plans to post the applications on its website before the current grant application period closes on January 14, 2019. The Department believes that posting these applications as exemplars will attract a new pool of quality grant applicants. Even if the Department eventually prevailed on appeal, it would be irreparably harmed by the delay because potential applicants would not be able to review these documents during this specific grant application round.

Not only would the Department be harmed, the FOIA requesters would also be harmed without disclosure of these grant applications. The FOIA grants them the right to speedy and robust disclosure of government-held information. They undoubtedly hope to use the information for their upcoming applications. For them, justice delayed is justice denied.

The Court rejects the Plaintiffs' resurrected argument that a stay is in the Department's interest because it would receive better applications without this disclosure. In a reverse-FOIA case such as this one, the Court will defer to an agency's own determination that disclosure is in its interest. *See Ctr. for Pub. Integrity v. Dep't of Energy*, 191 F. Supp. 2d 187, 196 (D.D.C. 2002); *see also Hercules, Inc. v. Marsh*, 839 F.2d 1027 (4th Cir. 1988). The Plaintiffs wisely jettisoned this argument at the summary judgment motions hearing; it has not gained persuasive value since then.

The Plaintiffs do not want potential grant applicants to see their past applications during this competitive process. For them, any information from their "award-winning" applications that is in the public domain may help competitors to their detriment. But the Court has determined that release, subject to significant redactions, is appropriate. "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *See U.S. Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976). FOIA's exemptions are construed narrowly, *id.* at 361–62, and the party seeking to avoid disclosure—here the Plaintiffs—has the burden of proving that the circumstances justify non-disclosure. 5 U.S.C. § 552(a)(3). The Plaintiffs have not met this burden as to the remaining disputed language.

Public interest also favors denying the Plaintiffs' motion. There is a national interest in transparency of government operations, which favors the Department. As the Court has explained, "[t]he public, including competitors who lost the business to the winning bidder, is entitled to know just how and why a government agency decided to spend public funds as it did; to be assured that the competition was fair; and, indeed, even to learn how to be more effective competitors in the future." *Martin Marietta Corp. v. Dalton*, 974 F. Supp. 37, 41 (D.D.C. 1997).

The Plaintiffs argue that there is a public interest in protecting the competitive process, and the Court agrees. But the Nation is best served by rigorous competition for Title X grants, and the Department's desire to help other potential applicants develop more robust applications is laudable. To do so, the redacted grant applications must be released well before January 14, 2019. In granting its permanent injunction, the Court found that this prong supports the Department, and the Court again finds that the public interest weighs against the Plaintiffs.

*\*\*\**

"On a motion to stay, it is the movant's obligation to justify the court's exercise of such an extraordinary remedy," *see Cuomo*, 772 F.2d at 978, and the Plaintiffs have not done so.

For these reasons, it is hereby

**ORDERED** that the Plaintiffs' Emergency Motion for Injunction Pending Appeal is DENIED.

**SO ORDERED**.

This is a final, appealable Order.

Dated: January 8, 2019

TREVOR N. McFADDEN
United States District Judge